Prepared By:
Michael D Franco, CA Bar No. 175323
Law Office of Michael D Franco
505 North Tustin Ave, Suite 105
Santa Ana, CA 92705
Telephone: (714) 442-3623
Facsimile: (888) 341-5213
Email:  francolawfirm@hotmail.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL A JONES,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>MERCANTILE ADJUSTMENT<br>BUREAU, LLC,<br><br>　　　　　Defendant | Case No.　8:16-cv-01264<br><br>COMPLAINT<br><br>DEMAND FOR JURY TRIAL<br><br>COUNT 1: Fair Debt Collection<br>Practices Act, 15 USC 1692 et seq.<br><br>COUNT 2: Rosenthal Fair Debt<br>Collection Practices Act, Cal. Civ.<br>Code 1788 et seq. |

# **INTRODUCTION**

1.      This is an action for damages brought by Michael A Jones (hereinafter "Plaintiff"), an individual consumer, for violations by Mercantile Adjustment Bureau, LLC (hereinafter "Defendant") of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, et seq. (hereinafter "RFDCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

2.      In Calif. Civil Code § 1788.1 (a)-(b), the California Legislature made the following findings and purpose in creating the Rosenthal Act:

 (1) The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts.  Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.

(2) There is need to ensure that debt collectors and debtors exercise their responsibilities to another with fairness and honesty and due regard for the rights of the other.
It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts of practices in the collection of consumer debts and to require debtors to act fairly

in entering into and honoring such debts, as specified in this title.

3.   In 15 U.S.C. 1692, the United States Congress made the following findings and purpose in creating the Fair Debt Collection Practices Act:

(a) There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. …

(e) It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

4.   Plaintiff makes the allegations below on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5.   While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

# JURISDICTION & VENUE

6.      Jurisdiction of this Court arises under 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d), 47 U.S.C. § 227, and pursuant to 28 U.S.C. § 1367 for pendent state law claims, which are predicated upon the same facts and circumstances that give rise to the federal causes of action.  Injunctive relief is available pursuant to the TCPA.

7.      This action arises out of Defendant's multiple violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), the Rosenthal Fair Debt Collection Practices Act, CAL CIV CODE § 1788 et. seq., ("RFDCPA"), in their illegal efforts to collect a consumer debt.

8.      Venue is proper in this District because the Defendant may be found in this District, and some of the acts and transactions occurred in this District.

# PARTIES & DEFINITIONS

9.      Plaintiff, Michael A Jones, is a natural person residing in Orange County in the state of California.

10.     Plaintiff, as a natural person allegedly obligated to pay a consumer debt to Defendant, alleged to have been due and owing, is therefore both a "consumer" as that term is defined by 15 U.S.C. §

1692a(3) of the FDCPA, and is also therefore a "debtor" as that term is defined by California Civil Code § 1788.2(h) of the Rosenthal Act.

11.    At all relevant times herein, Defendant, Mercantile Adjustment Bureau, LLC, was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code § 1788.2(f).

12.    Defendant is a national debt collection company that continuously and systematically engages in its business of collecting debts in the state of California, and using telephone numbers within California. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c).

13.    Defendant may be served at 165 Lawrence Bell Drive, Ste 100, Wiliamsville, NY 14221.

14.    Upon information and belief, Defendant was attempting to collect on a debt that originated from monetary credit that was extended primarily for personal, family, or household purposes, and was therefore a "consumer credit transaction" within the meaning of Calif. Civil Code § 1788.2(e) of the Rosenthal Act, as well as a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

15.    Because Plaintiff is a natural person allegedly obligated to pay money to Defendant arising from what Plaintiff is informed and believes was a consumer credit transaction, the money allegedly owed was a "consumer debt" within the meaning of California Civil Code § 1788.2(f) of the Rosenthal Act.

16.    Plaintiff is informed and believes that Defendant is one who regularly collects or attempts to collect debts on behalf of themselves or others, and is therefore a "debt collector" within the meaning of Calif. Civil Code § 1788.2(c) of the Rosenthal Act, and thereby engages in "debt collection" within the meaning of California Civil Code § 1788.2(b) of the Rosenthal Act, and is also therefore a "person" within the meaning of California Civil Code § 1788.2(g) of the Rosenthal Act.

# **FACTUAL ALLEGATIONS**

17.    At various and multiple times prior to the filing of this complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

18.    On or about 26 January 2016, Defendant called Plaintiff on Plaintiff's home phone regarding the alleged debt owed.  Defendant left a

voice mail message from an employee of Defendant named Gordon Miller indicating that he was leaving "an important message for Michael Jones" that it was a communication from a debt collector, that any information would be used for that purpose, and requested that Plaintiff call them back.

19.    On or about 27 January 2016, Plaintiff called the Defendant as requested.  In this call, Defendant indicated that they were calling on behalf of Kohl's Department store.  Plaintiff advised that his name was Michael A Jones, and that he resided at 1905 E Buffalo Ave, Santa Ana, CA 92705.  Plaintiff also advised in this call that he had no account with Kohl's Department Store, that the debt was not his, that he disputed the debt, and requested a written response from Defendant be sent to him within 5 days.

20.    In the 27 January 2016 phone call between Plaintiff and Defendant, Defendant's employee specifically asked whether they were speaking with Michael A Jones or Michael C Jones.  Plaintiff clearly advised that they were speaking with Michael A Jones concerning the alleged debt.

21.    On or about 7 February 2016, a letter arrived at Plaintiff's home addressed to Michael C Jones, sent by Defendant, that was dated 1 February 2016.  A copy of the letter is attached hereto as Exhibit A.

22.     On or about 8 February 2016, Plaintiff sent a written dispute to Defendant concerning the alleged debt being collected by Defendant and referenced in the phone call and message of 26 January 2016, disputing the debt.  A copy of the letter is attached hereto as Exhibit B.

23.     On or about 19 February, another letter arrived at Plaintiff's home addressed to Michael C Jones, sent by Defendant, that was dated 15 February 2016.  This letter contained information and details of account owed by Michael C Jones to Kohl's Department Store that was being collected by Defendant.  A copy of this letter is attached hereto as Exhibit C.

24.     Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

a. FDCPA § 1692b(1)- Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer;

b. FDCPA § 1692b(2)- Any debt collector communicating with any person other than the consumer for the purpose of acquiring

location information about the consumer shall not state that such consumer owes any debt;

c. FDCPA § 1692e(b)- Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

d. FDCPA § 1692e(2)(A)- A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: The false representation of the character, amount, or legal status of any debt; or

e. FDCPA § 1692g(a)(l)- Within five days after the initial communication with a consumer in connection with the

collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing the amount of the debt;

f.  FDCPA § I692g(a)(2)- Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing the name of the creditor to whom the debt is owed;

g.  FDCPA § I692g(a)(3)- Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

h. FDCPA § 1692g(a)(4)- Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

i. FDCPA § 1692g(a)(5)- Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing a statement that, upon the consumer's written request within the thirty-day period, the debt collector

will provide the consumer with the name and address of the original creditor, if different from the current creditor.

j.  FDCPA § 1692g(b)- If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that (he consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

25.  As a result of the above violations of the FDCPA and the RFDCPA, Plaintiff suffered and continues to suffer injury to Plaintiffs feelings, personal humiliation, embarrassment, mental anguish and emotional distress. Plaintiff attempted to seek counseling and therapy for the emotional distress and mental anguish described above but was not able to.

26.    Defendant is liable to Plaintiff for Plaintiffs actual damages, statutory damages, and costs and attorney's fees.

# CAUSES OF ACTION

## COUNT I:
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

27.    Plaintiff reincorporates by reference all of the preceding paragraphs.

28.    The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

29.    To the extent that Defendant's actions, counted above, violated the FDCPA, those actions were done knowingly and willfully.

30.    As a result of Defendant violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

## COUNT II:

## VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

31.     Plaintiff reincorporates by reference all of the preceding paragraphs.

32.     To the extent that the Defendant's actions, counted above, violated the FDCPA, they are necessarily violations of the California Rosenthal Act via Calif. Civ. Code 1788.17.

33.     Defendant's conduct as described herein violated the RFDCPA § 1788.17 which mandates that every debt collection collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692d to 1692j, and shall be subject to the remedies in Section 1692k of Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. § 1692d and § 1692d(5).

34.     As a result of the Defendant's illegal conduct, Plaintiff has suffered emotional distress and mental anguish.

35.     Defendant is liable to Plaintiff for actual damages, statutory damages, punitive damages (if the evidence at trial so warrants), actual costs, and attorneys' fees, under the RFDCPA.

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant as follows:

### **COUNT 1:**

### **Fair Debt Collection Practices Act**

a) for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

b) for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

c) for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff;

d) and such further relief as the Court deems just and proper.

### **COUNT 2:**

### **Rosenthal Fair Debt Collection Practices Act**

a) For an award in favor of Plaintiff and against Defendant pursuant to the RFDCPA for Plaintiff's actual damages in an amount according to proof;

b) For an award of statutory damages for willful and negligent violations of the RFDCPA in an amount not less than $1,000.00;

c) For an award of Plaintiff's costs incurred in this litigation pursuant to the RFDCPA;

d) For an award of Plaintiff's reasonable attorney's fees pursuant to the RFDCPA;

e) And such further relief as the Court deems just and proper.

Dated this 8 July 2016.

**Law Office of Michael D Franco**
Attorney for Plaintiff

Michael D Franco

# JURY DEMAND

Pursuant to the Seventh Amendment to the Constitution of the United States of America, and Fed.R.Civ.P. 38, Plaintiff is entitled to, and demands, a trial by jury.

Dated this 8 July 2016.

**Law Office of Michael D Franco**
Attorney for Plaintiff

Michael D Franco